Hindman, Appellant, *v.* Hindman.

Argued November 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William C. Robinson,* with him *Henninger & Robinson,* for appellant.

*Lee C. McCandless,* with him *McCandless & McCandless,* for appellee.

OPINION BY ERVIN, P. J., December 16, 1966:

This is a controversy between the still married parents of Steven Wayne Hindman, age nine, relative to his custody. By order of the court below the mother was given custody during the regular school year from 8 a.m. Monday until 5 p.m. Friday and the father from 5 p.m. Friday until 8 a.m. Monday of each week. The father was given custody during the summer vacation period from 8 a.m. Monday until 6 p.m. Friday and the mother from 6 p.m. Friday until 8 a.m. Monday during each week. The holidays were divided equally between the parents. The mother has appealed.

The mother's counsel relies mainly upon the "tender years" doctrine that ordinarily the best interests of a child of this age will be promoted by giving custody to the mother. Counsel also relies upon the admission by the father of having had intercourse with another woman. The father, however, denied any improper or

immoral conduct with this woman at any time in the presence of the son and there was no proof offered to rebut the father's statement. Even if we should consider that there is a conflict in the testimony concerning this subject, we would be bound to accept the finding of the court below on the question of credibility of the parties: *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 177, 97 A. 2d 350.

There can be no doubt from a reading of the entire record that the son Steven is fond of both of his parents. The mother continues to live in the residence in which both parents lived before their separation.' This residence is jointly owned by the parents and the father continues to pay all of the utilities and the mortgage payments. In addition, he pays the doctor and dentist bills for the boy and gives the mother $75.00 per month. The father also buys all the clothing for the boy. The mother works five days a week from 9 to 5 in a tractor sales business. The father has a farm supply business and lives in a mobile home in the rear thereof. The homes of the two parties are approximately two miles apart. The school bus which the boy uses can pick him up or leave him off at the residence of either parent.

The father goes camping with the boy and purchased a boat which he keeps in the river at Kittanning. The boy apparently enjoys the outings on the boat with his father and has developed a great interest in helping to care for the boat. He has also developed a love for the outdoors.

Both parties have taken the child to church and the boy is apparently healthy and getting along well in school. This is not a case where the boy prefers one parent to the other but apparently enjoys being with each of them. Neither parent has talked disparagingly of the other to the boy. Apparently the boy is not upset or disturbed by the divided custody.

Under the order the mother will have the boy approximately 220 days a year and the father approximately 142 days a year. If they continue to act as they have in the past, we believe that each parent can make a major contribution to the boy's welfare and we are, therefore, unwilling to disturb the disposition of the case made by the court below. The court below stated: "The association of the defendant with a female friend obviously creates problems which the defendant would be well advised to avoid." In addition, we might add that if at any time in the future there is any evidence of improper conduct on the part of the father in the presence of his son or that such conduct is having an adverse effect upon the boy, the court could and should take action to change this order.

Order affirmed.